IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRYAN G.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civ. No. 6:19-cv-00891-SU

**OPINION & ORDER**

SULLIVAN, Magistrate Judge:

    Plaintiff Bryan G. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying benefits. All parties have consented to magistrate judge jurisdiction in this case. ECF No. 17. The decision of the Commissioner is REVERSED and REMANDED for calculation and payment of benefits.

## BACKGROUND

    On August 19, 2013, Plaintiff filed a Title II application for a period of disability and disability insurance benefits alleging disability beginning on June 7, 2012, which was later amended to January 1, 2014. Tr. 17. The claims were denied initially and upon reconsideration. *Id.* At Plaintiff's request, a hearing was held before an administrative law judge ("ALJ") on December 15, 2015. *Id.* On January 8, 2016, the ALJ issued a decision finding Plaintiff not disabled. Tr. 27. The Appeals Council denied Plaintiff's request for review on May 18, 2017. Tr. 1-5.

---

[1] In the interest of privacy, this opinion uses only first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Plaintiff sought judicial review on July 21, 2017 in *Bryan G. v. Comm'r*, Case No. 6:17-cv-01141-JE. Tr. 697. The parties stipulated to remand of that case with specific instructions for the ALJ. Tr. 702. The stipulated order of remand was entered on May 8, 2018 and judgment was entered on May 10, 2018. Tr. 698. On remand, Plaintiff appeared at a second hearing before an ALJ on January 3, 2019. Tr. 622. On February 11, 2019, the ALJ issued a decision once again finding Plaintiff not disabled. Tr. 635. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r*, 648 F.3d 721, 724 (9th Cir. 2011).

> The five-steps are: (1) Is the claimant presently working in a substantially gainful activity? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments described in the regulations? (4) Is the claimant able to perform any work that he or she has done in the past? and (5) Are there significant numbers of jobs in the national economy that the claimant can perform?

*Id.* at 724-25; *see also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Bustamante*, 262 F.3d at 953. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R.

§§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54.

## THE ALJ'S FINDINGS

On remand, the ALJ performed the sequential analysis. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 1, 2014. Tr. 625. The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease; obesity; history of carpal tunnel syndrome/cubital tunnel syndrome; bipolar disorder with depression; and personality disorder. *Id.* The ALJ determined Plaintiff's impairments did not meet or equal a listed impairment. *Id.*

The ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following additional restrictions: no more than occasional balancing, stooping, crouching, crawling, kneeling, or climbing; no more than frequent bilateral reaching in any direction; no more than frequent bilateral handling and fingering; he must avoid concentrated exposure to dust, fumes, gases, poor ventilation, and other noxious odors; no exposure to unprotected heights, moving machinery, and similar hazards; no more than occasional contact with co-workers and the general public; and he would need to work in an environment where he has close and ready access to bathroom facilities at all times. Tr. 627.

Plaintiff was 49 years old on his date last insured. Tr. 633. He has limited education and is able to communicate in English. *Id.* The ALJ determined that Plaintiff was unable to perform his past relevant work. *Id.* At step five of the sequential analysis, the ALJ determined that Plaintiff was able to perform work as an addresser or a wafer breaker. Tr. 633-34. Accordingly, the ALJ determined Plaintiff was not disabled. Tr. 634-35.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

When the evidence before the ALJ is subject to more than one rational interpretation, courts must defer to the ALJ's conclusion. *Batson*, 359 F.3d at 1198 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). A reviewing court, however, cannot affirm the Commissioner's decision on a ground that the agency did not invoke in making its decision. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## DISCUSSION

The parties agree that that the ALJ's opinion contains harmful error and should be reversed and remanded, but dispute whether remand should be for further proceedings or for an award of benefits. The decision whether to remand for further proceedings or for the immediate payment of benefits lies within the discretion of the court. *Triechler v. Comm'r*, 775 F.3d 1090, 1101-02 (9th Cir. 2014). A remand for award of benefits is generally appropriate when: (1) the ALJ failed

to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed, there are no outstanding issues that must be resolved, and further administrative proceedings would not be useful; and (3) after crediting the relevant evidence, "the record, taken as a whole, leaves not the slightest uncertainty" concerning disability. *Id.* at 1100-01 (internal quotation marks and citations omitted). The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1178 n.7 (9th Cir. 2000).

In this case, the parties agree that the ALJ erred at step five of the sequential analysis. As noted, the ALJ found that Plaintiff could work as an addresser or as a wafer breaker. Tr. 634. The ALJ based this finding on the testimony of a vocational expert ("VE") who appeared and testified at the hearing. Tr. 634, 661. During the hearing, the ALJ posed a hypothetical question to the VE in which he asked whether a person with Plaintiff's RFC would be capable of performing jobs that exist in the national and regional economy. Tr. 663-664. The VE responded:

> One possibility, Your Honor, would be address [sic]. DOT is 209.587-010, classified as sedentary work, unskilled. The SVP is 2, nationally, approximately 5,700. A second possibility would be a wafer breaker. DOT is 726.687-046, sedentary work, unskilled. The SVP is 2, nationally approximately 660. Those would be the only two that would fit your hypothetical that I have, Your Honor.

Tr. 664.

The position of wafer breaker is listed in the Dictionary of Occupational Titles ("DOT") at 726.687-046, *available at* 1991 WL 679641 (4th Ed., Revised 1991). The position requires constant reaching and handling, which exceeds Plaintiff's RFC limitations of frequent reaching and handling. The inclusion of the wafer breaker position was therefore error and the Court excludes the 660 wafer breaker jobs from further consideration.

The Ninth Circuit has held that an ALJ errs in finding a significant number of jobs "where the jobs were 'very rare' or generally unavailable to the claimant due to his limitations." *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). The VE testified that there were 5,700 addresser jobs in the national economy. Tr. 664. Although there is no bright line rule, the Ninth Circuit has held that the question of whether 25,000 national jobs is sufficient to meet the ALJ's burden at step five of the sequential analysis "presents a close call." *Gutierrez v. Comm'r*, 740 F.3d 519, 529 (9th Cir. 2014). Courts within this district have found that positions with as many as 11,000 jobs do not meet the standard for existing in significant numbers in the national economy. *See Lisa L. v. Comm'r,* Case No. 3:17-cv-01874-AA, 2018 WL 6334996, at *6 (D. Or. Dec. 5, 2018) (11,084 addressing jobs "does not meet the standard for jobs existing in significant numbers in the national economy."); *Watkins v. Comm'r*, Case No. 6:15-cv-01539-MA, 2016 WL 4445467, at *7 (D. Or. Aug. 22, 2016) ("11,000 order caller jobs in the national economy does not represent a 'significant number,'"). In one case, the court found that "the 7,400 addresser jobs available in the national economy do not constitute jobs available in significant numbers in the national economy." *Karen L.H. v. Berryhill*, No. 3:17-cv-01750-HZ, 2019 WL 208861, at *7 (D. Or. Jan. 15, 2019). The Court finds these cases persuasive and concludes that 5,700 addresser jobs does not constitute jobs available in significant numbers in the national economy. As previously discussed, the wafer breaker position was eliminated from consideration, but even if it had been included it would not have resulted in an appropriate step five finding because the combination yields a total of only 6,360 jobs.

In this case, the Commissioner contends that the matter should be remanded so that the ALJ can inquire about whether the identified jobs exist in the regional economy, but several courts, including courts within this District, have concluded that the position of addresser is obsolete. *See,*

*e.g., Candice E. v. Berryhill*, Case No. 6:18-cv-01261-YY, 2019 WL 2550318, at *4 (D. Or. June 20, 2019) (so holding and collecting cases); *Angela M. v. Comm'r*, Case No. 3:18-cv-02133-YY, 2019 WL 6729317, at *11-12 (D. Or. Dec. 11, 2019) (holding same). The Court finds the holding of *Candice E.* and *Angela M.* persuasive and concludes that no useful purpose would be served by a remand to inquire whether an obsolete position, of which there are only 5,700 in the national economy, exists in significant numbers in the regional economy. This is especially true considering the VE's testimony that there were no other jobs that met Plaintiff's RFC. Tr. 664. Allowing the Commissioner to decide the issue again would create the "unfair 'heads we win; tails, let's play again' system of disability benefits adjudication" the Ninth Circuit has cautioned against. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). The Court therefore concludes that record is fully developed, there are no outstanding issues that must be resolved, and further administrative proceedings would not be useful.

Finally, the Commissioner argues that the record gives cause to doubt whether Plaintiff is disabled. In support of this, the Commissioner cites to a single medical record from October 2018 at which Plaintiff was found to have normal gait, normal strength, and normal range of motion. Tr. 930. The Court has reviewed the broader record, however, and finds no cause to doubt whether Plaintiff is disabled. Remand for award of benefits is therefore appropriate.

## CONCLUSION

Pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is REVERSED and REMANDED for calculation and award of benefits.

It is so ORDERED and DATED this 26th day of August 2020.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge